IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEMTOV MICHTAVAI, | : |
| | :    4:09-cv-1021 |
| Plaintiff, | : |
| | :    Hon. John E. Jones III |
| v. | : |
| | :    Hon. Thomas M. Blewitt |
| WARDEN JERRY C. MARTINEZ, | : |
| | : |
| Defendant. | : |

## MEMORANDUM

**December 30, 2009**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 42), filed on December 9, 2009, which recommends that we grant the Defendant's Motion for Summary Judgment (Doc. 32) and that judgment be entered in favor of Defendant Warden Jerry C. Martinez ("Defendant"). Plaintiff Shemtov Michtavai ("Plaintiff") filed objections to the report (Doc. 43) on December 23, 2009. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the Defendant's Motion for Summary Judgment, and close this case.

# I. PROCEDURAL BACKGROUND

Plaintiff, an inmate at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood") filed, *pro se*, this action, incorrectly styled as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Plaintiff is challenging the Bureau of Prisons ("BOP") policy that afforded him one hour of open air exercise for five (5) days a week (i.e. five hours of exercise per week) while he was temporarily housed in the SHU on administrative detention status at LSCI-Allenwood from April 2, 2009 through May 19, 2009. Plaintiff claims that he was entitled to seven (7) hours of exercise per week under the United Nations Rules for Treatment of Prisoners since he was extradited to the United States from Bulgaria pursuant to the United Nations Convention. (Doc. 1, p. 6). In his prayer for relief, Plaintiff requests that the "Court enter an Order declaring the BOP policy . . . to be in violation of the UN Standard Minimum Rules which require one hour of open exercise daily, and further order the BOP to alter its policy to conform to the UN Standard Minimum Rules." (Doc. 2, p. 3).

On October 14, 2009, Defendant filed a Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. 32). The Motion was fully briefed by the parties and is the subject of the instant R&R before this Court. As noted

---

[1] Magistrate Judge Blewitt construed Plaintiff's case as a civil rights action pursuant to 28 U.S.C. § 1331 and not a 28 U.S.C. § 2241 habeas corpus petition.

above, Magistrate Judge Blewitt recommends that the Motion, construed as Motion for Summary Judgment in light of the evidence submitted by the parties, be granted and that judgment be entered in favor of the Defendant and against the Plaintiff.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).

Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. PLAINTIFF'S OBJECTIONS

Plaintiff's brief objections to the R&R are not substantive in nature. Plaintiff's submission reads, in pertinent part: "It happens that Magistrate Judge Blewitt is a 'rubber stamp' for the government. . .Judge Blewitt in his decision has forgotten his Oath of Office that is to be unbiased and due justice for all." (Doc. 43, p. 1). Clearly Plaintiff takes issue with the recommendation of Magistrate

Judge Blewitt, but provides the Court with no legal or factual arguments as to why the recommendation is in error.

The only arguable substantive objection raised by Plaintiff is his claim that "Magistrate Blewitt relies on an unpublished opinion which is clearly unacceptable as has been articulated by the Supreme Court." (Doc.43, p. 1). However, Plaintiff does not identify which case he is referencing or how the opinion is "clearly unacceptable as has been articulated by the Supreme Court."

Thus, in light of the Plaintiff's non-substantive and unsupported objections, we shall exercise our discretion when reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge Blewitt's reasoning.

## IV. DISCUSSION

Magistrate Judge Blewitt recommends that the Defendant's Motion for Summary Judgment be granted because it is uncontested that the Plaintiff did not exhaust his claim that he was denied the proper amount of exercise per week while he was confined in the SHU in administrative detention status.

It is well established that, pursuant to the Prison Litigation Reform Act ("PLRA"), an inmate must exhaust all available administrative remedies prior to bringing a claim with respect to prison conditions. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all actions regarding prison conditions, including

§ 1983 or actions brought pursuant to any other federal law. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The evidence provided by Plaintiff and Defendant establishes that Plaintiff did not exhaust his remedies with respect to the instant claim. While Plaintiff did file an initial grievance on July 16, 2009 at the institutional level, it was rejected as untimely inasmuch as it was filed more than twenty (20) days from the date of the event. In this case, Plaintiff was released from the SHU on May 19, 2009 and did not file his administrative grievance until July 16, 2009, almost a full two months later. (*See* Doc. 42, p. 11).

We agree with Magistrate Judge Blewitt that the evidence provided is clear that the Plaintiff failed to exhaust his administrative remedies with respect to the claim *sub judice*, and thus, his claim fails.

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.